## CHARLES E. NASH v. J. M. PHILLIPS.

**Chancery Court — Specific Performance.**
> One who executes a bond for title, conditioned to convey certain lands in fee simple, is not entitled to specific performance when his proof shows he had only an encumbered title.[1]

**Same — Evidence — Objections to — Appeal and Error.**
> A party is not required to make objection, by preliminary motion, to the insufficiency of his adversary's evidence, but may object for the first time in the Supreme Court.[2]

Bill in chancery by appellee, Phillips, against appellant, Nash, to enforce specific performance of a contract to purchase land. From a decree granting the relief sought defendant appeals.

F. M. Nabors sold appellant, Nash, one hundred acres of land in Tunica county for $1,500, taking his two notes for $750 each;

---

[1]
A vendor who has given a bond to make title upon payment of the purchase money may, upon the failure of his vendee to pay at maturity, maintain a bill in equity for a specific performance, and on failure of the vendee to comply, may have the land sold to pay the purchase money. Dollahite v. Orne, 2 S. & M. 590; Tanner v. Hicks, 4 S. & M. 294; Burke v. Gray, 6 H. 527; Pitts v. Parker, 44 Miss. 247; Smith v. Wells, 44 Miss. 296.

A bill to enforce a vendor's lien bears a strong resemblance to a bill to foreclose, and to a bill to enforce specific performance, neither of which can be maintained, where it is utterly uncertain what interest in the land has been sold. Allen v. Bennett, 8 S. & M. 672.

Where the vendor in a title bond conditioned to make title on payment of the purchase money, has transferred one of the notes for the purchase money and retained the others, he must, in a bill filed to procure the title to be made to his vendee by a third party in whom it is vested, so that he may collect the purchase money, make both his vendee and the holder of the transferred notes parties. May v. Sullivan, 37 Miss. 541.

Bills for specific performance, or for rescission of contracts, are addressed to the sound discretion of the court. No certain definite rule can be laid down which would determine whether a party was or was not entitled to relief. Hester v. Hooker, 7 S. & M. 768; Clement v. Reid, 9 S. & M. 535.

Specific performance is not a matter of right, but of sound legal discretion. Daniel v. Frazier, 40 Miss. 507.

Hence, specific performance will not be decreed, unless the contract be fair and just in all respects. Hard and unconscientious bargains will not

one payable in November, 1870, and the other in November, 1871. Nabors gave Nash a bond for title conditioned to make him a deed in fee-simple to the land on the payment of the purchase money notes. The first note was paid and the other was assigned, with the lien, to appellee, Phillips. This note was not paid and Phillips filed the bill in this case to enforce the specific performance of the contract. The proof showed that the title to the land was not in F. M. Nabors, but in J. I. Nabors, who had bought the land from one Rhodes, who held a lien for a balance of purchase money. Rhodes assigned this lien to Porter, Taylor & Co., and J. I. Nabors sold the land to them. After this bill was filed Porter, Taylor & Co. conveyed the land to appellee and he executed and filed in court a warranty deed to Nash, but in the deed to Phillips from Porter, Taylor & Co. a lien was reserved on the land for $250.

APPEALED from Chancery Court, Tunica county, J. B. MORGAN, Chancellor.

be enforced, nor will relief be granted under all circumstances. Daniel *v.* Frazier, 40 Miss. 507.

Nor when the complainant seeks to enforce a contract where the price he paid was grossly inadequate. Clement *v.* Reid, 9 S. & M. 535.

And so, where the complainant has been guilty of fraud or collusion in the acquisition of his title. Clement *v.* Reid, 9 S. & M. 535.

And in the sense of this rule, a bill by a purchaser at execution sale to enjoin another creditor from levying upon and selling the land, is a bill for a specific performance. Clement *v.* Reid, 9 S. & M. 535.

And relief will not be granted when the complainant seeking a rescission has not done all that he stipulated to do, or has not placed himself in a situation to be ready to comply with his part of the agreement upon a compliance by the other side. Hester *v.* Hooker, 7 S. & M. 768.

A vendor gave bond for title, and stipulated also to deliver possession of the land upon the payment of a portion of the purchase money by a particular day. The vendee failed to pay at the time stipulated, and asked vendor for a rescission upon the ground of his inability to comply. Soon, thereafter, the vendor resold the land to another party, and delivered possession to him, and then the latter sale was rescinded. *Held*, on bills filed by each party, that neither specific performance nor a rescission could be granted, and that parties would be left to their remedies at law. Hester *v.* Hooker, 7 S. & M. 768.

The jurisdiction to enforce specifically a contract, though said to rest on judicial discretion, is exercised in accordance with sound and fixed rules. The agreement must be certain and mutual, not hard and unconscientious.

Reversed and remanded, February 5, 1883.

*Attorneys for appellant, James P. Clarke, and L. Brame.*

*Attorneys for appellee, T. W. White, and Frank Johnston.*

Brief of J. P. Clarke:

Appellant submits that the decree is erroneous, because appellee was not required and did not tender such title as the condition of the obligation expressly stipulated for. The pleadings showed that F. M. Nabors, James Ike Nabors and possibly Rhodes, had such a claim as could be asserted against Nash; yet the two latter were not in court, and although the former was, no order was made divesting him of any title he might have. Phillips accepted the note upon the express condition that it should be payable when F.

---

must rest on a consideration, and performance must be necessary and practicable; it is also necessary that the remedy at law by damages be inadequate. Alston *v.* Robinson, 49 Miss. 348.

Decree of specific performance of contract for sale of realty, made by decedent, who did not have title and whose administrator was not party to suit, *held* error. Southworth *v.* Brownlow, 36 So. 522.

Where the contract is valid, with no improper or fraudulent actions on either side, the court has no discretion as to enforcing specific performance. Yazoo & M. V. R. R. *v.* Southern Ry. Co., 36 So. 74; 83 Miss. 746.

2

Objection will not be heard for the first time to evidence in the Supreme Court, although irrelevant to the issues made by the pleadings, as it would be proper to allow the pleadings amended if objection had been made in the lower court, and it will be treated as part of the case made by the record in the Supreme Court. Walker *v.* Saunders, 1 Miss. Dec. 50, and cases cited in note 2.

Where only general objections are made to testimony in the lower court, specific objections will not be heard for the first time in the Supreme Court. Garrison *v.* McInnis, 1 Miss. Dec. 129, and cases cited in note 1.

The Appellate Court will not assume matters of fact raised by counsel, which were not introduced in the court below. Simmons *v.* Felder, 1 Miss. Dec. 484, and cases cited in notes.

Where the face of the pleadings shows errors in computation, such errors will be corrected by the Appellate Court, though no exceptions were taken thereto in the court below. Barnett *v.* Wedgeworth, 1 Miss. Dec. 334, and cases cited in note 3.

M. Nabors should make to Nash a conveyance in fee-simple, and he should have been compelled to show that Nabors had such title in a transferable shape, and have forced him to convey, or he should have had imposed upon him the duty of locating the true title and of tendering in court such a conveyance thereof as was contracted for, as a condition precedent to his right of action.

The quit-claim from Porter, Taylor & Co., implied *per se* a doubtful title in them. Kew *v.* Freeman, 33 Miss. 292; Smith *v.* Winston, 2 How. 601.

And this is made plainer by the fact that they accepted $250, payable at a future day, for a title that appellant had contracted to pay $1,500 for, and was then being actually sued for three times the amount, for one-half of purchase money notes.

Besides this the deed from Porter, Taylor & Co., was upon a consideration to be paid at a future day, and a lien was reserved on the land to secure the same. This was notice to all persons claiming under this vendee, and although the date on which payment was to be made was prior to rendition of decree, there was no proof of actual payment, and discharge of lien, and the court will not presume payment. Allen *v.* Poole, 54 Miss. 323..

Supposing Porter, Taylor & Co. to have possessed the absolute title, a conveyance such as this did not enable Phillips to tender a "fee-simple," since he conveyed an encumbered title.

Appellant concedes that he could be compelled to accept title coming from a source other than F. M. Nabors, but he has a right to insist that such title be the same as he contracted for. Rutland *v.* Brister, 53 Miss. 683.

Phillips' deed with general warranty is no evidence that he paid the purchase money to Porter, Taylor & Co., and had an unencumbered title, and had full right to convey, but simply that he will defend against the *rightful* claims of all persons thereafter asserted. Green *v.* Irving, 54 Miss. 450, *et seq.*

Nash contracted for *title* and he should not be compelled to accept the promise of any to simply indemnify him in the event of disturbance. This case presents a striking illustration of the injustice of the contrary doctrine. Phillips has since died and his estate is wholly insolvent, and it is not improbable that Porter, Taylor & Co. will resort to the land to collect the purchase money due them.

The parties stipulated that the note should be paid only after title should be made, and it was Phillips' duty to tender the prescribed title, as he was seeking enforcement. Mhoon v. Wilkerson, 47 Miss. 633; Moak v. Bryant, 51 Miss. 560.

The fact is, appellant was not represented at the hearing by counsel, in consequence of a misunderstanding with the solicitor who prepared his answer, else many of the errors complained of would have been avoided, and if the cause is remanded, will be corrected without any great trouble to parties.

Brief of L. Brame:

The deeds copied in the transcript (except the last), though acknowledged, have never been recorded and there is no proof of their execution. Lock v. Jayne, 39 Miss. 157.

Indeed there is no evidence that these deeds were ever introduced in evidence.

This being an equity case no bill of exceptions was necessary in order to show what proof was or was not introduced. Bell v. Gordon, 55 Miss. 45.

There was no note of the evidence under section 1947 of the Code of 1880. Therefore the record must show that the decree was sustained by the proof.

If these deeds are considered they show that the complainant is not entitled to relief.

Brief of T. W. White:

Appellant Nash objects to the decree in this cause because Phillips, complainant, did not, before filing his bill, procure and tender him a good title to the land in controversy.

As holder of the note, he was not bound to tender such a title. It was sufficient if the same was produced at the trial. Nash, in his answer, expressly says that the title was expected to come through others than the party to whom the note was originally given, that is, F. M. Nabors, who never seems to have had a title to the land; he states his willingness to pay when such title is produced.

Nash also states that the title to the land was in Porter, Taylor & Co., and he specifically states that Rhodes sold the land to J. I. Nabors, taking notes for purchase money, and conveyed the notes

with vendor's lien to Porter, Taylor & Co., that they paid him his money and that J. I. Nabors conveyed the land to them. Porter, Taylor & Co. conveyed to J. M. Phillips, who conveyed to Nash. This is a full and complete compliance with the condition in the note sued on from Nash to Phillips.

But objection is made that Rhodes and J. I. Nabors are not parties. This objection cannot avail, since the answer shows that neither of them had any title to the land or interest in the suit or questions involved in it.

As to the objection that the deed from Porter, Taylor & Co. reserved a lien in their deed to Phillips, it is sufficient to say that no objection was made on the trial to the deed on that account; if it had been, it could have been shown that this was satisfied; or, if not, that the chancellor could have formed his decree to meet it, and it is too late now to raise this objection. Nor is it true that defendant was not represented by counsel at the trial.

Brief of Frank Johnston:

Among other objections it is now insisted that no decree should have been rendered against Nash, because in the deed from Porter, Taylor & Co. a lien is reserved for $250. This involves a careful consideration of the precise terms of the agreement between F. M. Nabors and Nash, and the stipulation in the note from Nash to Phillips. These will presently be considered.

Phillips by the assignment of the note given by Nash to Nabors of course took the lien existing originally for its security, a bond on contract of sale having been made by Nabors. Tanner v. Hicks, 4 S. & M. 294; Parker v. Kelly, 10 S. & M. 184.

Taking the new note from Nash was not taking a new security, for Nash was already under personal obligation, and his obligation was charged on the land. It simply changed the form of the debt. The proposition that the lien was not thereby disturbed requires no argument or authority. Kausler v. Ford, 47 Miss. 289.

Nor was it necessary for Phillips to tender a deed to Nash before filing the bill, as he was the assignee of the note and did not hold the title. Kimbrough v. Curtis, 50 Miss. 118; Mhoon v. Wilkerson, 47 Miss. 633; Boyce v. Francis, 51 Miss. 573.

All the alleged verbal part of any agreement between Nabors

and Nash and any verbal conditions of the note from Nash to Phillips are inadmissible on two distinct principles—one, the requirement of the statute of frauds, and the other, that the contract being in writing, and the note containing clearly its consideration and condition, evidence of any verbal understanding or condition is incompetent, because the contract cannot vest partly in parol and partly in writing.

The contract and the note stipulated for a deed in fee-simple to the land conveying title; but it was not for a title absolutely unincumbered. It was thought that F. M. Nabors had purchased from Rhodes, while, in fact, it was J. I. Nabors, his brother, who had bought from Rhodes and who held the title, Rhodes holding a lien for some unpaid purchase money. It is idle to urge in argument now that the contract called for a deed from F. M. Nabors, as he did not have the title, and as nothing would pass to Nash by so absurd a ceremony. And is it not aside from the common sense of the whole matter to say that nothing would be a compliance with the contract but a paper in the form of a deed from F. M. Nabors, who had never had a title? This, as an offer of performance of the condition of the bond for title, would have been rejected by Nash, who wanted, in reality, a title rather than a deed from a person who had no title to convey.

Phillips, being under no duty to tender a deed before the filing of his bill, did all that was required of him before the hearing and final decree, by bringing the title before the court and placing in court a deed conveying the title in fee-simple to Nash. It is confessedly a good title. It came from Rhodes, the source Nash contemplated it would be derived from. And the only objection of any consequence is here made for the first time—that there is an equitable incumbrance on the land for $250 in favor of Porter, Taylor & Co. The deeds from Nabors to Porter, Taylor & Co. and by the latter to Phillips were introduced before the court as part of the complainant's case, so far as this record shows, without objection. The deed from Porter, Taylor & Co. was made in June, 1881, several months before the final decree, on hearing of the cause. If this objection had been made, it might readily have been obviated by proof that the lien had been waived, or released, or paid off. Any defects to the title ought to have been objected to. Bright v. Rowland, 3 How. 398; Moak v. Bryant, 51 Miss. 560.

That these deeds were before the court is shown by the recital of the special facts in the decree of the court, based on the deeds.

But Nash does not state in his answer that he was ignorant of the prior lien in favor of Rhodes when he purchased from Nabors; nor does he state with any distinctness that he *did not* buy subject to that lien. This is an affirmative defense, and objection to paying the purchase money due to Phillips, and Nash ought to have pleaded and proved it. As it is, the matter stands as if he had bought for $1,500 the property as Nabors held it, knowing the small incumbrance of $250 due Porter, Taylor & Co., and not contracting for a title freed of this incumbrance. It is not pretended that Nabors or Phillips made any misrepresentations as to title or incumbrances.

And even after Nash's note was assigned to Phillips, and when he gave the new note, he only stipulated for a deed from F. M. Nabors, and asked no stipulations or conditions in respect to the lien of Porter, Taylor & Co. It was Nash's duty not only to show an existing incumbrance, but a covenant or stipulation in the contract of sale showing that he did not purchase subject to the incumbrance. The price at which he bought may have been decreased by reason of the prior incumbrances. Evidently the incumbrance was known. And yet all that Nash contracted for was a deed from F. M. Nabors. And counsel have gone to the length in their brief of urging that it was nothing but F. M. Nabors' deed that the contract called for, and that nothing else will do, though it be a deed from the real owner. This would indicate that Nash did not contract for the removal of the incumbrance, but only for such title as was acquired from Rhodes by J. I. Nabors, thinking at the time that F. M. Nabors had the title.

Giving a bond for title may imply simply an intention to hold the legal title as security for the purchase money, and nothing on this point can be inferred in respect to a covenant against this Porter, Taylor & Co. incumbrance.

In conclusion, I insist that Nash has not shown that he has not received what he contracted for. Nearly all his answer is affirmative matter, requiring proof. *And I insist* that Nash ought to have made specific objection to the title that was tendered him. As Phillips was *not* under duty to tender the title before the bill was filed, but only before the decree, when he did tender perform-

ance by exhibiting the title, manifestly Nash was under duty to point out any objections that he had to make in order, if. possible, that they might be obviated. It is now too late to object to the defect now relied on that might easily have been removed or met by the complainant.

If counsel for the appellant is correct in saying that none of the deeds showing title in Phillips—viz: deed from J. I. Nabors to Porter, Taylor & Co., and deed from the latter to Phillips—were ever in evidence in the Chancery Court, and if the case is to stand here on the bill and answer and the exhibits to the bill, then, as the statements of the answer in respect to the outstanding incumbrances, affirmative and not responsive to the bill, and not proven, cannot be considered.

And this court must, in any event, give a decree against Nash for the full amount due from him to Phillips. And, as Phillips was under no duty to tender a deed before filing the bill, and has brought F. M. Nabors before the court, with a *pro confesso* decree against him, this court can modify the decree, if it is necessary, so as to direct the commissioner named in the decree to execute a deed from F. M. Nabors to Nash.

Opinion.—Chalmers, J.:

It is difficult to see how the deed from Porter, Taylor & Co. got into this record. It is not an exhibit to any portion of the pleadings, and there were no depositions taken; neither did the clerk make a note of the evidence offered in accordance with section 1947 of the Code of 1880. It was, nevertheless, treated as evidence by the court below and by counsel in this court.

This being the attitude, the case stands thus: The complainant undertook to show that he had title to the land, and was, therefore, in a position to comply with his portion of the mutual and dependent covenants, but in doing this he showed that he had only an incumbered title, and thereby demonstrated that, if the defendant was compelled to pay, he would be in peril of having to lift these incumbrances, and to this extent would have to pay twice. The defendant was entitled, under his contract, to a deed in fee.

It is urged that he should have objected in the lower court to the introduction of the deed in evidence, and, not having done so,

cannot make the objection here. The point is not well taken. The objection is not to the competency or relevancy of the deed, but to the sufficiency of the proof made. A party is never required to object to the insufficiency of his adversary's evidence by preliminary motion. Indeed, the more insufficient it is, the better is his own position.

*Decree reversed* and cause remanded, with leave to take further evidence.